## BARTLEY v. LIFE & CASUALTY INS. CO. OF TENNESSEE.*
### No. 14995.

Court of Appeal of Louisiana. Orleans.

Jan. 7, 1935.

---

*Rehearing denied Jan. 21, 1935.

John J. Wingrave, of New Orleans, for appellant.

Cabral, Lenfant & Villere and Harry R. Cabral, all of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of no cause of action.

Lawless Bartley, Sr., sued the Life & Casualty Insurance Company of Tennessee, alleging that it was indebted to him in the sum of $500, under the terms of a policy of insurance which it had issued to him on October 2, 1933, because of an accident which happened while plaintiff was employed by the Bisso Ferry Company on the ferryboat Martin Behrman. He alleges that he slipped and fell on the deck of that vessel, with the result that he injured his right arm so severely that it had to be severed between the wrist and elbow.

The basis of the exception of no cause of action is that the coverage of the policy sued on does not include an accident of the character which resulted in the loss of plaintiff's arm.

The policy is attached to the petition, and is called an "industrial travel and pedestrian policy." The death benefit is $1,000, and the amount recoverable for the loss of a hand $500, the weekly premium being 5 cents. The policy covers bodily injuries of an accidental character sustained by the assured during the existence of the policy as a result of collision with a vehicle under the following circumstances:

"If * * * struck by actually coming in physical contact with the vehicle itself and not * * * with some object loaded on or attached thereto, or some object struck and propelled against the person by said vehicle, which is being propelled by steam, cable, electricity, naptha, gasoline, horse, compressed air or liquid power, while the insured is walking or standing on a public highway. * * *"

"Or if the insured shall by collision of or any accident to any railroad passenger car, passenger steamship, public omnibus, street railway car, public taxicab, public automobile, public stage or public bus, * * * and inside of which the insured is legally traveling; or by collision of or by any accident to any private horse drawn vehicle or private motor driven automobile, inside of which the insured is riding or driving, or any motor driven truck, inside of which the insured is riding or driving; * * * or by any accident to any passenger elevator, inside of which the insured is riding as a passenger; provided, that in all cases referred to in this paragraph there shall be some external or visible injury on the said vehicle or elevator of the collision or accident, * * * and provided that this policy does not cover insured while * * * on a motorcycle or * * * attachment to a motorcycle—and provided that except as to railroad passenger cars, passenger steamships, street cars and elevators the collision or accident must occur on a public highway as heretofore defined."

It is contended that plaintiff should recover under the last-quoted paragraph of the policy because he was legally traveling on a "passenger steamship" and also under the first-quoted paragraph because the assured was struck by "actually coming into physical contact with the vehicle itself."

As we read the policy, it appears to be one of very limited coverage. The small weekly premium of 5 cents and relatively large benefits confirm us in this opinion. Moreover, we find the following language in the policy to the same effect: "The premium charged in this policy has been adjusted to the liability assumed by placing therein various conditions, exceptions and limitations, and it is the intention of the parties that each of these limitations, exceptions and conditions are to be literally construed, that none of them are to be stricken out or ignored or disregarded in its interpretation, either on the ground that they are ambiguous or wholly or partially or substantially repugnant or for any other reason, but each is to be given its full and literal meaning, it being further understood by the parties that the said premium will buy only such protection as the terms of the policy literally show."

The first-quoted paragraph covers injuries which the policyholder may sustain as a result of being "struck by and actually coming in physical contact with the vehicle itself and not by coming in contact with some object loaded on or attached thereto * * *

while the insured is walking or standing on the public highway." In the instant case the assured was hurt while traveling on a ferryboat by falling on the deck and not while walking on the public highway and colliding with a vehicle. Plaintiff cannot recover under this clause.

The second clause clearly covers only such injuries as an assured may suffer, while a passenger on a vehicle, due to its collision with another vehicle. It is obvious that the accident which caused the loss of plaintiff's hand was not of that character.

Our conclusion is that plaintiff's petition fails to disclose a cause or right of action. Consequently, and for the reasons assigned, the judgment appealed from, maintaining the exception of no right or cause of action, will be affirmed.

Affirmed.